# Exhibit A

## Case Information

19-000049-CV-85 | Sucheta Vyas,Davis Vyas vs. TEAM ONE CLAIMS,ATAIN SPECIALTY INSURANCE
COMPANY

Case Number
19-000049-CV-85

Court
85th District Court

File Date
01/04/2019

Case Type
Contract -
Consumer/Commercial/Debt

Case Status
Filed

## Party

Plaintiff
Vyas, Sucheta

Address
2000 Texas Avenue
Bryan TX 77802

Active Attorneys ▼
Lead Attorney
Flores, Marco D.
Retained

Work Phone
210-361-0070

Plaintiff
Vyas, Davis

Address
1720 Texas Avenue
Bryan TX 77802

Active Attorneys ▼
Lead Attorney
Flores, Marco D.
Retained

Work Phone
210-361-0070

Defendant
TEAM ONE CLAIMS

Defendant
ATAIN SPECIALTY INSURANCE COMPANY

Address
30833 Northwestern Highway, Suite 220
Farmington Hills MI 48334-2582

## Events and Hearings

01/04/2019 Original Petition (OCA)

01/04/2019 ORIGINAL PETITION ▼

Plaintiffs' Original Petition

01/04/2019 Case Information Sheet ▼

CASE INFORMATION SHEET

02/14/2019 Issue Process Instructions ▼

Issuance of Process Instructions/ATAIN SPECIALTY INSURANCE

02/18/2019 Citation Issued ▼

Citation Issued

02/19/2019 CERTIFIED MAILED (MISC. CERTIFIED MAILED) ▼

CERTIFIED MAILED (MISC. CERTIFIED MAILED)

03/06/2019 CERTIFIED MAILED (MISC. CERTIFIED MAILED) ▼

CERTIFIED MAILED (MISC. CERTIFIED MAILED)

## Financial

Vyas, Sucheta

| | | | | |
|---|---|---|---|---|
| | Total Financial Assessment | | | $340.00 |
| | Total Payments and Credits | | | $340.00 |
| 1/7/2019 | Transaction Assessment | | | $272.00 |
| 1/7/2019 | eFile Payment | Receipt # 2019-135785 | Vyas, Sucheta | ($272.00) |
| 2/15/2019 | Transaction Assessment | | | $68.00 |
| 2/15/2019 | eFile Payment | Receipt # 2019-136376 | Vyas, Sucheta | ($68.00) |

## Documents

Plaintiffs' Original Petition

CASE INFORMATION SHEET

Issuance of Process Instructions/ATAIN SPECIALTY INSURANCE

Citation Issued

CERTIFIED MAILED (MISC. CERTIFIED MAILED)

CERTIFIED MAILED (MISC. CERTIFIED MAILED)

# Exhibit B-1

Received & Filed 1/4/2019 10:03 PM
Gabriel Garcia, District Clerk
Brazos County, Texas
Kristin Emert
Envelope# - 30142982

19-000049-CV-85

CAUSE NO. _____

| | | |
|---|---|---|
| SUCHETA VYAS and DAVIS VYAS | § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | _____JUDICIAL DISTRICT |
| | § | |
| ATAIN SPECIALTY INSURANCE | § | |
| COMPANY and TEAM ONE CLAIMS | § | |
| *Defendants.* | § | BRAZOS COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

SUCHETA VYAS and DAVIS VYAS, ("Plaintiffs"), Plaintiffs herein, file this Original Petition against Defendants ATAIN SPECIALTY INSURANCE COMPANY and TEAM ONE CLAIMS ("ATAIN", "TEAM ONE", or "Defendants") and, in support of its causes of action, would respectfully show the Court the following:

## I.  DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## II.  PARTIES

SUCHETA VYAS is a Texas resident who owns properties made the basis of this lawsuit in Brazos County, Texas.  Said properties are the Casa Loma Motel, located at 2000 Texas Avenue, Bryan, Texas 77802, and the Holiday Plaza Motel, located at 1720 Texas Avenue, Bryan, Texas, 77802.

DAVIS VYAS is a Texas resident who owns properties made the basis of this lawsuit in Brazos County, Texas.  Said properties are the Casa Loma Motel, located at 2000 Texas Avenue,

1

Bryan, Texas 77802, and the Holiday Plaza Motel, located at 1720 Texas Avenue, Bryan, Texas, 77802.

Defendant, ATAIN SPECIALTY INSURANCE COMPANY ("ATAIN") is a foreign insurance entity, organized under the laws of the State of Michigan, authorized to conduct insurance business in Texas through its third-party administrators, syndicates, and/or cover holders, and may be served with process via registered or certified mail, return receipt requested, upon the office of the Texas Commissioner of Insurance, located at 333 Guadalupe St., 13th Floor, Austin TX 78701, to be forwarded to 30833  Northwestern Highway, Suite 220, Farmington Hills, MI, 48334-2582.

Defendant, TEAM ONE CLAIMS ("TEAM ONE"), is a claims adjusting service, organized and headquartered in the state of Texas.  It may be served with process by serving its headquarters, located at 5030 Riverside Drive, Suite 300, Irving, TX 75039.

### III. CLAIMS FOR RELIEF

As required by Rule 47 Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs currently seek monetary relief over $200,000, but not more than $1,000,000.00.  A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate and attorney's fees.

### IV. JURISDICTION AND VENUE

The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs reserve the right to amend their petition during and/or after the discovery process or whenever circumstances dictate.

2

This Court has jurisdiction over Defendant ATAIN because this Defendant engages in the business of insurance in the State of Texas by issuing policies to insureds in the State of Texas. Further, Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas. Plaintiffs would also show that Defendant ATAIN has continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiffs would also show that the cause of action arose from or relates to the contacts of Defendant ATAIN to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

Furthermore, Plaintiffs would also show that Defendant ATAIN engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practices and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas, committed a tort in Texas, and recruits or has recruited Texas residents for employment inside or outside the state. Further, Plaintiffs' causes of action arise out of this Defendant's business activities in Texas.

This Court has jurisdiction over Defendant TEAM ONE because this Defendant has its principle offices in the state of Texas, and engages in the business of insurance in the State of Texas by adjusting insurance claims in the State of Texas. Further, Defendant's insurance activities in the State of Texas have given rise to Plaintiffs' claim.

Due to the Defendants' business activities in the forum State of Texas, both Defendants ATAIN and TEAM ONE have made minimum contact with the State of Texas to establish specific jurisdiction over Defendants.

Venue is proper in Brazos County because all or a substantial part of the events or omissions giving rise to the claim occurred in Brazos County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss(es) at issue occurred in Brazos County. Defendants engage in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action

arise out of these Defendants' business activities in the State of Texas.

## V.  FACTUAL BACKGROUND

Plaintiffs are the named insured under a property insurance policy issued by ATAIN which covers the properties at issue during the date(s) of loss which are the subject of this lawsuit.  TEAM ONE, at the request of ATAIN, investigated the claim made by Plaintiffs under their insurance policy.  Defendants assigned claim# 00030169 to both properties listed in Section II.  of this Petition.  (See Section II., "Parties" on page 1)

 On or about February 28, 2018, or during another time within the policy periods, a storm hit the Brazos County Texas area, damaging Plaintiffs' properties. Plaintiffs timely filed a claim on their insurance policy seeking benefits for covered damages. Plaintiffs are alleging storm-related damages to the insured property that was either overlooked or ignored by Defendants.

Upon information and belief, ATAIN requested that TEAM ONE investigate the damage to Plaintiffs' property.  TEAM ONE actively participated in the investigation of Plaintiffs' claim, wherein they were responsible for making decisions on payment, or non-payment in this case, of this claim.

TEAM ONE assigned an adjuster to visit Plaintiffs' Property and attempted to conduct an inspection.  That adjuster was unable or unwilling to perform or complete a reasonable inspection of the Property.  Upon information and belief, the adjuster was improperly trained and failed to perform a thorough investigation of Plaintiffs' Hail and Wind Damage Property claim. Specifically, ATAIN, TEAM ONE, and their adjuster failed to notice blatantly visible storm damage to both the Casa Loma Motel, and Holiday Plaza Motel.

In their investigation of the Plaintiffs' storm damage claim to the Casa Loma Motel, Defendants and their adjuster/agent failed to notice exterior damage to the property, including damage to the built-up 3 ply roof, roll roof, soft metal and gutters, as well as stucco damage to the

exterior elevations.  Additionally, Defendants overlooked interior damage, caused by the subject storm to room 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 222, 223, 224, 333, and damage to the restroom, kitchen, bedrooms, and bathrooms to the front office.

In their investigation of Plaintiffs' storm damage claim to the Holiday Plaza Motel, Defendants and their adjuster/agent failed to notice exterior damage to the property, including damage to the roofs of bldg. 1, bldg. 2, bldg. 3, bldg. 4, storage shed, and laundry room, exterior elevation damage, and damage to the laundry room. Defendants also overlooked interior storm-related damage to rooms 204, 205, 219, 245, and 248.

The adjuster assigned to the claim by TEAM ONE conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were apparent during the inspection, and/or undervalued the damages that were observed during the inspection. As a result, this unreasonable investigation led to the wrongful underpayment and/or denial of Plaintiffs' claim. TEAM ONE and its adjuster ignored or knowingly failed to include covered damages or damages that in good faith should have been subject to coverage per the insured's policy.

Plaintiffs allege the actual covered damage to the Subject Properties as a result of the Storm exceeds the sum of $200,000, which is continuing to increase each day that Defendants fail and refuse to pay the Plaintiffs' claim due to increases in the costs of labor and materials.  Upon information and belief, TEAM ONE'S unreasonable investigation in this case failed to include any of the damages listed in Plaintiffs' Expert Report that Plaintiffs alleges were storm-related. This report was produced by Plaintiffs along with our statutory Notice Letter.

As noted in our Notice Letter, Defendants are entitled to an offset or credit for any proven pre-existing storm related damage that was scoped  and paid for in previous claims, as well as prior payments, and deductible.  Plaintiffs are still investigating damage to the Subject Properties to

5

determine if any specific damage predates the date of loss, and was paid through a prior claim. Plaintiffs do not seek damages for prior losses that have been paid through the settlement of a prior claim.

### Individual Acts of TEAM ONE CLAIMS Conferring Individual Liability

The following paragraphs contain allegations of TEAM ONE'S individual acts that make him individually liable to Plaintiffs for the losses and damages sustained by Plaintiffs as a direct, producing and proximate cause of the acts of omission and commission for which Plaintiffs here now sues for the recovery of monetary damages within the jurisdictional limits of this Court against these Defendants.

1. Upon information and belief, Defendant TEAM ONE was negligent in violating ATAIN'S written policies as they relate to claims handling practices by failing to fully investigate and document all damage to Plaintiffs' insured Property.

2. Upon information and belief, TEAM ONE'S investigation and its adjuster's inspection for damages to the Plaintiffs' Commercial Property was for an insufficient time period to perform an adequate assessment of the damage to this Property based on its size and complexity.

3. Due to lack of experience, training, and interest in properly adjusting this claim, ATAIN and its adjuster failed to and/or refused to notice blatantly visible storm-related damages to Plaintiffs' property, including but not limited to the areas listed in Section V of the "FACTUAL BACKGROUND" section of this Petition.

4. Due to lack of experience, training, and interest in properly adjusting this claim, TEAM ONE and its adjuster failed to and/or refused to properly interview the Plaintiffs or other persons with knowledge of the Property to ascertain other damages that were not readily apparent or would not be readily apparent to an individual unfamiliar with the Property in

its pre-Storm condition.

5.  TEAM ONE and its adjuster refused to and did not inspect for hidden or latent damage resulting to Plaintiffs' Property that is customarily found to exist on property that has gone through hail and wind storms of the severity of that which occurred in Brazos County over the past year.

6.  Upon information and belief, TEAM ONE, during its investigation of the Plaintiffs' claim, failed to include all damages sustained to the Property by the Storm, thus submitting an inaccurate and false report of Plaintiffs' covered Storm Property losses to Defendant ATAIN.

## VI.  CAUSES OF ACTION

Each of the foregoing paragraphs is incorporated by reference in the following:

Defendant ATAIN is liable to Plaintiffs for breach of contract, as well as violations of the Texas Insurance Code and Deceptive Trade Practices Act; and breach of the common-law duty of good faith and fair dealing.

### A. Breach of Contract

Plaintiffs reassert and incorporates by reference all facts and allegations set forth above for this cause of action.  All prerequisites to the filing of this suit and recovery of damages have been met by Plaintiffs.

Plaintiffs would show that the Policy was in full force and effect upon discovery of the physical loss or damage to the Properties. Among the perils that the Policy insures against is the direct physical loss or damage resulting from "Covered Causes of Loss", which includes "Risks of Direct Physical Loss" unless the loss is limited or excluded. The Policy does not limit or exclude the loss or damage caused by the event at issue in the present matter; therefore, the event is a covered cause of loss causing or resulting in direct physical loss or damage to the Properties.

Plaintiffs timely submitted a claim to ATAIN for payment of the claim for damages to the Properties in accordance with the terms of the Policy. ATAIN has refused and failed to pay pursuant to the terms of the Policy, and by failing to do so, has breached the Policy.

### B. Common Law Causes of Action

Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above for this cause of action. By its acts, omissions, failures, and conduct, ATAIN breached the common law duty of good faith and fair dealing by delaying and denying Plaintiffs' claim for damages to the Properties without a reasonable basis and by failing to conduct a reasonable investigation with respect to the insurance claim. ATAIN also breached its duty by unreasonably delaying payment of Plaintiffs' claim and failing to settle Plaintiffs' entire claim when it knew, or should have known, that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of ATAIN are a proximate cause of Plaintiffs' damages.

### C. Statutory Violations: Unfair Claims Settlement Practices Act Violations
### (Chapter 541 of the Texas Insurance Code)

Plaintiffs reassert and incorporate by reference all facts and allegations set forth above for this cause of action under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action against ATAIN.

By its acts, omissions, failures, and conduct, ATAIN engaged in unfair methods of competition and unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051, 541.052, 541.060, and 541.061 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this Complaint as well as ATAIN'S unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claims and its failure to pay for the proper repair of Plaintiffs' Properties after liability had become reasonably clear.

8

Specifically, ATAIN engaged in unfair insurance practices in the following respects:

a.   ATAIN engaged in unfair claims settlement practices prohibited by Section 541.060 (2) of the Texas Insurance Code and Section 17.50(a)(4) of the DTPA, by failing to attempt, in good faith, to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.   ATAIN engaged in unfair claims settlement practices prohibited by Section 541.060 (3) of the Texas Insurance Code and Section 17.50(a)(4) of the DTPA, by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.   ATAIN engaged in unfair claims settlement practices prohibited by Section 541.060 (7) of the Texas Insurance Code and Section 17.50(a)(4) of the DTPA, by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

All of the above-described acts, omissions and failures of Defendants ATAIN and TEAM ONE were a producing and proximate cause of Plaintiffs' damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiffs should recover additional damages as provided by the Texas Insurance Code. Specifically, Defendants failed to notice blatantly visible hail damage to the areas listed in Section V, "Factual Background," of this Petition.

### C. Statutory Violations: Bad Faith (Section 17 of the Texas Deceptive Trade Practices Act ("DTPA"))

Defendant ATAIN is required to comply with Section 17 of the Texas Deceptive Trade Practices Act.  At all material times hereto, Plaintiffs were a consumer who purchased insurance products and services from Defendant.  Defendants violated the Texas DTPA in the following respects:

(1)  Defendants represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2)  ATAIN failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3)  ATAIN, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that ATAIN took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

Defendants knowingly committed the acts complained of. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

### D. Statutory Violations: Prompt Payment of Claims Act
### (Chapter 542 of the Texas Insurance Code)

Plaintiffs reassert and incorporate by reference all the facts and allegations set forth above for this cause of action under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action against ATAIN.

Plaintiffs would show that ATAIN violated the Prompt Payment of Claims Act, Section 542.051, Subchapter B of the Texas Insurance Code, by failing to properly and timely investigate Plaintiffs' claim, failing to properly and timely notify Plaintiffs of their claims decision, and by failing to pay Plaintiffs' claim. Plaintiffs have yet to be paid on this claim. Likewise, Defendant

10

ATAIN'S failure to pay all of Plaintiffs' storm related damages constitutes an automatic violation of Section 542.058 of the Texas Insurance Code, which provides:

> *"Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060"*

Defendant ATAIN'S wrongful rejection and failure to issue payment of the claim under the Policy necessarily means it failed to pay within 60 days, automatically violating Section 542.058. Accordingly, Plaintiffs are entitled to the relief sought fort in Section 542.060 of the Texas Insurance Code, including attorney's fees.

## F. Responsibility for Acts of Agents and Ratification of Acts

Defendant TEAM ONE, whose conduct is referenced herein and above, is an agent of ATAIN based upon his acts of commission and omission in the handling of Plaintiffs' claim, including inspections, adjustments, and aiding in the adjustment of the loss for or on behalf of the insurer. TEX. INS. CODE §4001.051.

Separately, and/or in the alternative, as referenced and described above, ATAIN ratified the actions and conduct of TEAM ONE including the manner in which he discharged or failed to properly discharge his duties under the common law and applicable statutory laws and regulations.

## F.  Causes of Action Against TEAM ONE CLAIMS

During the investigation, TEAM ONE failed to properly assess Plaintiffs' Storm damages and omitted properly covered damages from his reports and/or estimates of the damages, including all of Plaintiffs' storm related property damage. As a result, Plaintiffs' claim was effectively denied and they have suffered damages due to TEAM ONE'S individual acts.

As detailed in the FACTUAL BACKGROUND section of Plaintiffs' Original Petition, TEAM ONE violated Sections 541.060 (a)(2)(A) and 541.060 (a)(7) of the Texas Insurance Code

by failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear AND refusing to properly pay the claim without conducting a reasonable investigation with respect to the claim.

Defendant TEAM ONE failed to make an attempt to settle Plaintiffs' claim in a fair manner, although its adjusters/agents was aware of Defendant's liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

Defendant TEAM ONE, and its adjusters/agents did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages. Defendant TEAM ONE'S unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation.  Defendant TEAM ONE'S misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received.  Defendant TEAM ONE'S unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

12

## VII. DAMAGES

Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

As previously mentioned, the damages caused by the hailstorm and/or windstorm at issue have not been properly addressed or repaired in the months since the Storm, causing further damages to the Properties, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

For breach of contract, Plaintiffs are entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiffs asks for three times their actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of its claim, as well as ten (10%) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060(c)

For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiffs are

13

entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## VIII. CONDITIONS PRECEDENT

All conditions precedent to Plaintiffs' right to recover have been fully performed, or have been waived by Defendant.

## IX. JURY DEMAND

Plaintiffs hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Comal County, Texas.  Plaintiffs hereby tenders the appropriate jury fee.

## X. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon trial hereof, said Plaintiffs have and recovers such sum as would reasonably and justly compensate it in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it is justly entitled to.

Respectfully submitted,

**FLORES & PELAEZ-PRADA, PLLC**

By: _____

      MARCO D. FLORES
      State Bar No. 24027251
      mflores@stormlex.com
      MANUEL PELAEZ-PRADA
      State Bar No. 24027599
      mpp@stormlex.com
      3522 Paesano's Parkway, Ste. 301
      San Antonio, TX 78231
      210.361.0070 (Telephone)
      210.693.1312 (Facsimile)]

**ATTORNEYS FOR PLANTIFFS**

**SUCHETA VYAS and DAVIS VYAS**

15

# Exhibit B-2

CITATION – OUT OF STATE

**CLERK OF THE COURT**

Gabriel GarciaBrazos County District Clerk
300 E. 26th Street Suite 1200
Bryan, TX  77803

**PLAINTIFF'S ATTORNEY**

Marco D. Flores
3522 Paesanos Parkway Ste 301
San Antonio TX  78231

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  **ATAIN SPECIALTY INSURANCE COMPANY to be served through TEXAS COMMISSIONER OF INSURANCE**, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL PETITION** at or before 10:00 a.m. on the Monday next after the expiration of 20 days after the date of service hereof, before the 85th District Court of Brazos County, Texas, at the Courthouse in Bryan, TX.

Said Petition was filed on 4th day of January, 2019 in cause number **19-000049-CV-85** on the docket of said court, and styled:

**SUCHETA VYAS and DAVIS VYAS vs. ATAIN SPECIALTY INSURANCE COMPANY and TEAM ONE CLAIMS**

A copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanies this citation.
Issued and GIVEN UNDER MY HAND AND SEAL OF SAID COURT at office in Bryan, Texas, on this the 18th day of February, 2019.

Gabriel Garcia, District Clerk
Brazos County, Texas

, Deputy

**ADDRESS FOR SERVICE:**
**Defendant's Name:**

| |
|---|
| ATAIN SPECIALTY INSURANCE COMPANY to be served through TEXAS COMMISSIONER OF INSURANCE |
| 30833 Northwestern Highway Suite 220 Farmington Hills MI  48334-2582 |

Rule 108  –  Defendant defendant is absent from the State, or is a non-resident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for citation to a resident defendant: and such notice may be served by any disinterested person competent to make oath of the fact in the same manner as provided in Rule 106 hereof.  The return of service in such cases shall be endorsed on or attached to the original notice, and shall be in the form provided in the Rule 107, and be signed and sworn to be the party making such service before some officer authorized by the laws of this State to take affidavits, under the hand and official seal of such officer.  A defendant served with such notice shall be required to appear and answer in the same manner and time and under the same penalties as if he had been personally served with a citation within this State.

## OFFICER'S RETURN (Out of State)

STATE OF _____}

_____}BEFORE ME, THE UNDERSIGNED AUTHORITY,

COUNTY OF _____}

Personally appeared _____, who after being by me duly sworn deposes and says that he is above eighteen years of age, of sound mind, and in no matter interested in the within styled and numbered cause, and competent to make the oath of the facts herein stated.

That the within citation came to hand on the _____ day of _____, 20____, at _____ o'clock ____.m., and executed in _____ County, State of _____ by delivering to within named defendant, to-wit:

_____ at ____ o'clock ____.m., _____, 20____
_____ at ____ o'clock ____.m., _____, 20____

each, in person, a true copy of this citation, with a true and correct copy of the petition attached thereto, having first endorsed on such copy of said citation the date of delivery.

FEES – Serving this citation, $_____
Total fees -   -   -   -       $_____

To certify which, witness my hand - _____
(to be signed by the person serving citation)

Subscribed and sworn to by the above named _____ before me this the _____ day of _____, 20____, to certify which witness my hand and seal of office.

_____

*To be used only by officer serving this citation out of state. (The party serving this citation shall sign and swear to the above return before a notary public or other officer authorized to take affidavits.)

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____, 20____, at _____ o'clock ____.m. this copy of this instrument.

_____

_____
Affiant

**Rule 107 Verification:**  Subscribed and sworn to by the above named _____ before me this the ____ day of _____, 20___, to certify which witness my hand and seal of office.

_____
**Person Administering Oath**

CITATION – OUT OF STATE

**CLERK OF THE COURT**                    **PLAINTIFF'S ATTORNEY**

Gabriel GarciaBrazos County District Clerk    Marco D. Flores
300 E. 26th Street Suite 1200                 3522 Paesanos Parkway Ste 301
Bryan, TX  77803                              San Antonio TX  78231

THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney
does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next
following the expiration of twenty days after you were served this citation and petition, a default judgment
may be taken against you."

TO:  **ATAIN SPECIALTY INSURANCE COMPANY to be served through TEXAS
COMMISSIONER OF INSURANCE**, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to the **PLAINTIFFS' ORIGINAL
PETITION** at or before 10:00 a.m. on the Monday next after the expiration of 20 days after the date of
service hereof, before the 85th District Court of Brazos County, Texas, at the Courthouse in Bryan, TX.

Said Petition was filed on 4th day of January, 2019 in cause number **19-000049-CV-85** on the docket of said
court, and styled:

**SUCHETA VYAS and DAVIS VYAS vs. ATAIN SPECIALTY INSURANCE COMPANY and
TEAM ONE CLAIMS**

A copy of the **PLAINTIFFS' ORIGINAL PETITION** accompanies this citation.
Issued and GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at office in Bryan, Texas, on this
the 18th day of February, 2019.

                                        Gabriel Garcia, District Clerk
                                        Brazos County, Texas

                                        _____, Deputy

**ADDRESS FOR SERVICE:**
Defendant's Name:
┌─────────────────────────────────────────────┐
│ ATAIN SPECIALTY INSURANCE COMPANY to          │
│ be served through TEXAS COMMISSIONER OF       │
│ INSURANCE                                     │
│ 30833 Northwestern Highway Suite 220          │
│ Farmington Hills MI  48334-2582               │
└─────────────────────────────────────────────┘

**Rule 108 – Defendant**                                    without state – Where the
defendant is absent from                                    the State, or is a non-
resident of the State, the form of notice to such defendant of the institution of the suit shall be the same as prescribed for
citation to a resident defendant: and such notice may be served by any disinterested person competent to make oath of the
fact in the same manner as provided in Rule 106 hereof.  The return of service in such cases shall be endorsed on or
attached to the original notice, and shall be in the form provided in the Rule 107, and be signed and sworn to be the party
making such service before some officer authorized by the laws of this State to take affidavits, under the hand and official
seal of such officer.  A defendant served with such notice shall be required to appear and answer in the same manner and
time and under the same penalties as if he had been personally served with a citation within this State.

## OFFICER'S RETURN (Out of State)

STATE OF _____}

}BEFORE ME, THE UNDERSIGNED AUTHORITY,

COUNTY OF _____}

Personally appeared _____, who after being by me duly sworn deposes and says that he is above eighteen years of age, of sound mind, and in no matter interested in the within styled and numbered cause, and competent to make the oath of the facts herein stated.

That the within citation came to hand on the _____ day of _____, 20____, at _____ o'clock ____ .m., and executed in _____ County, State of _____ by delivering to within named defendant, to-wit:

_____ at ___ o'clock ___.m., _____, 20____
_____ at ___ o'clock ___.m., _____, 20____

each, in person, a true copy of this citation, with a true and correct copy of the petition attached thereto, having first endorsed on such copy of said citation the date of delivery.

FEES – Serving this citation, $_____

Total fees  -   -   -   -      $_____

To certify which, witness my hand - _____
(to be signed by the person serving citation)

Subscribed and sworn to by the above named _____ before me this the _____ day of _____, 20____, to certify which witness my hand and seal of office.

_____

*To be used only by officer serving this citation out of state. (The party serving this citation shall sign and swear to the above return before a notary public or other officer authorized to take affidavits.)

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____, 20____, at _____ o'clock ____.m. this copy of this instrument.

_____

_____
**Affiant**

**\*Rule 107 Verification:**  Subscribed and sworn to by the above named _____ before me this the ____ day of _____, 20____, to certify which witness my hand and seal of office.

_____
**Person Administering Oath**

# Exhibit B-3

# 19-000049-CV-85

# CITATION

19-000049-CV-85

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Colleen Sawyer_   ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>_Colleen Sam_   2-26-19<br>D. Is delivery address different from item 1?   ☐ Yes<br>   If YES, enter delivery address below:   ☐ No |
| 1. Article Addressed to:<br>ATAIN SPECIALTY INSURANCE COMPANY TO BE SERVED THROUGH TEXAS COMMISIONER OF INSURANCE<br>30833 NORTHWESTERN HIGHWAY, STE. 220<br>FARMINGTON HILLS, MI 48334-2582 | |
| ‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖<br>9590 9402 4398 8248 3450 66 | 3. Service Type<br>☐ Adult Signature<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail®<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery<br>☐ Collect on Delivery Restricted Delivery<br>☐ Insured Mail<br>☐ Insured Mail Restricted Delivery (over $500) | ☐ Priority Mail Express®<br>☐ Registered Mail™<br>☐ Registered Mail Restricted Delivery<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation™<br>☐ Signature Confirmation Restricted Delivery |
| 2. Article Number (Transfer from service label)<br>18 2290 0001 3241 4143 | |
| PS Form 3811, July 2015 PSN 7530-02-000-9053 | Domestic Return Receipt |

DC RECEIVED AND FILED
At ___8___ o'clock ___A___ M

MAR 0 6 2019

GABRIEL GARCIA, DIST CLERK
Brazos County, Texas
By _____ Deputy

# Exhibit C

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUCHETA VYAS and DAVIS VYAS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | |
| ATAIN SPECIALTY INSURANCE | § | |
| COMPANY and TEAM ONE CLAIMS, | § | |
| | § | |
| Defendants. | § | |

## LIST OF COUNSEL OF RECORD

**<u>Counsel for Plaintiffs Sucheta Vyas and Davis Vyas</u>**
Marco D. Flores
Manuel Pelaez-Prada
Florez & Pelaez-Prada, PLLC
3522 Paesano's Parkway, Suite 301
San Antonio, TX 78231
Tel: (210) 361-0070

**<u>Counsel for Defendant Atain Specialty Insurance Company</u>**
Michael D. Feiler
Matt R. Pickelman
Jonathan A. Lautin
Quilling, Selander, Lownds, Winslett & Moser, PC
2001 Bryan Street, Suite 1800
Dallas, TX 75201
Tel.: (214) 871-2100

# Exhibit D

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUCHETA VYAS and DAVIS VYAS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | |
| ATAIN SPECIALTY INSURANCE | § | |
| COMPANY and TEAM ONE CLAIMS, | § | |
| | § | |
| Defendants. | § | |

## INDEX OF STATE COURT DOCUMENTS

| No. | Date Filed or Entered | Document |
|---|---|---|
| **A** | N/A | State Court Docket |
| **B-1** | 01/04/2019 | Plaintiffs' Original Petition |
| **B-2** | 02/18/2019 | Citation Issued to Atain |
| **B-3** | 03/06/2019 | Return of Citation |
| **C** | N/A | List of Counsel of Record |
| **D** | N/A | Index of State Court Documents |

# Exhibit E



**FLORES & PELAEZ PRADA, PLLC**

**MARCO DAX FLORES
ATTORNEY**

**3522 PAESANOS PKWY, STE. 301
SAN ANTONIO, TEXAS 78231**
T: 210-361-0070 · F: 210-693-1312
*MFLORES@STORMLEX.COM*

October 9, 2018

*VIA EMAIL:* *kvaughn@teamoneclaims.com*, *claims@atainins.com*

Atain Specialty Insurance Company
30833 Northwestern Highway, Suite 220
Farmington Hills, MI 48334

Team One Adjusting Services, LLC
5030 Riverside Drive, Suite 300
Irving TX 75039

Attention: Property Claim Manager

Re:  Insured:  Sucheta Vyas and Davis Vyas, dba Casa Loma Motel
     Address:  2000 S. Texas Avenue, Bryan TX 77802
     Claim #:  30169
     Policy #:  CIP328772
     Date of Loss:  February 28, 2018

Dear Sir/Madam:

Please be advised that this firm represents the insureds in connection with the above referenced claim. This letter is intended to provide you with notice of our client's claims against Atain Specialty Insurance ("Atain"), pursuant to Texas Insurance Code 541.060, et seq., 542A, et seq., and 542.055, et seq.; and Texas Civil Practices & Remedies Code 38.001, et seq.  This is not a demand of any kind.

Please provide all copies of the insured's claim file including, but not limited to the insurance policy providing coverage for this claim, correspondence regarding claims decisions for this claim,  estimates created by Atain, Team One, and/or any third party adjusting companies or third party administrators contracted to inspect the above referenced property for weather related events in February 2018, and any other materials relied upon to determine the amount of damages that were or were not covered in this claim.  Please also provide any journal entries created by Underwriters, it's agents, third party administrators, independent adjusting companies, contractors, engineers, etc. whom were engaged to evaluate the risk at issue, as well as any correspondence between Atain and/or its agents as described herein and the insured from the date the claim was reported until the present.

1

## SPECIFIC COMPLAINT

On or about February 28, 2018, the insured owned property which was insured by Atain Specialty Insurance Company. On that day when a storm struck Brazos County Texas, the property was severely damaged. Thereafter, your insured reported a loss for damages to the  property as permitted under the insurance policy.

Your company assigned an adjuster who was either improperly trained to inspect the insured property, or intentionally ignored the damages that were visible.  The adjuster failed to  spend the appropriate amount of time necessary to properly identify the damages at issue.  Accordingly, the insured has not been able to make necessary repairs to restore the property

Upon information and belief, and after a cursory inspection, the adjuster Wrongfully was unwilling or unable to complete his investigation.  As a result, a building consultant/engineering firm was hired to give an opinion on storm related damage to the property.  Not surprisingly, the consultant's report concluded that any damages to the property were not relatable to hail exposure and that they found "no hail damage and minimal wind damage."  Based on this information, the insured's claim was wrongfully undervalued and the insured was denied the benefits to which it was entitled to under the contract.  Consequently, the claim came in under the deductible, which resulted in an effective denial of benefits that were owed under the policy.  The adjuster ignored or overlooked covered damages to the property and failed to address entire portions of storm damage to multiple areas of our client's property. Specifically, your adjuster ignored or overlooked damages to the roof and interior water damage by attributing their cause to wear and lack of interior climate control despite evidence of hail and storm damage. The insured's complaint is these damages to the structure should have been paid for by the insurer, minus deductible.  This unreasonable investigation resulted in the effective denial of benefits owed to the insured under the policy.

You are liable to the insured for breach of contract and the following violations of the Texas  Insurance Code:

1)  The failure to pay for the losses and/or to follow the statutory time guideline for accepting or denying coverage constitutes a violation of TEX. INS. CODE § 542.051 et seq.

2)  Misrepresenting and/or failing to discuss  with  the  insured pertinent facts or policy provisions relating to coverage as an issue, in violation of TEX. INS. CODE § 541.060(a)(1);

3)  Failing to attempt in good faith to effectuate a prompt, fair, and  equitable settlement of a claim with respect to which your liability  has become reasonably clear, in violation of TEX. INS. CODE §541.060(a)(2);

2

4) Failing to promptly provide to the insured with a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for your denial of the claim or offer of a compromise settlement of a claim in violation of TEX. INS. CODE §541.060(a)(3);

5) Misrepresenting the insurance policy by:

a) making an untrue statement of fact in violation of TEX. INS. CODE § 541.061(1);

b) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made in violation of TEX. INS. CODE § 541.061(2);

c) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact in violation of TEX. INS. CODE § 541.061(3); and

d) making a material misstatement of law in violation of TEX. INS. CODE § 541.061(4)

The insured believes the property has been damaged. The insured is not an expert in the claims process or valuing claims. As a result, the insured is open to good faith discussions with the insurer and/or its counsel as to the proper value of this claim. However, based on good faith belief, the following damages have been sustained by the insured. Together with actual damages (minus any deductible and/or prior payments), incurred expenses, statutory penalties and interest, and attorney's fees incurred to date, the following damages have been incurred by the insured:

| | |
|---|---|
| Actual Damages: | $139,673.36 |
| Less Deductible: | $    5,000.00 |
| Less Prior Payment (if any): | |
| | |
| Outstanding Damages: | $134,673.36 |
| | |
| Plus Statutory Penalties & Interest: | $   8,942.31 |
| Plus Expenses (Approximate) | $   5,000.00 |
| Plus Attorney Fees: | $ 14,300.00 |
| **Total Damages:** | **$162,923.67** |

The actual damages amounts is subject to any applicable deductible and/or prior payments on this claim. This letter is being sent to you in good faith and for the purpose of notifying you of your insured's claims. While it is our preference to resolve this claim quickly and amicably please be advised that if this claim is not resolved satisfactorily

3

within sixty (60) days from the receipt of this correspondence, we will seek to recover a significant amount of additional damages including, but not limited to, extra-contractual damages, additional attorneys' fees, statutory interest, court costs and any other damages available under the law.

If you have any questions regarding this matter, please feel free to contact me at mflores@stormlex.com. I look forward to discussing this matter in an order to avoid the additional time, expenses, and costs of litigation on both sides.

Per §542A.003 (c) of the TEX. INS. CODE, a copy of this notice has been sent to the insured.

Respectfully,

Marco D. Flores

MF/vr

cc: Sucheta Vyas and Davis Vyas

# Exhibit F



220 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334
248.932.9000 | 800.521.1918
minutemanadjusters.com

November 16, 2018                    **VIA CERTIFIED/REGULAR MAIL AND EMAIL**

Marco D. Flores, Esq.
Flores & Pelaez Prada, PLLC
3522 Paesanos Parkway, Suite 301
San Antonio, Texas 78231
mflores@stormlex.com

Re:    POLICY:                CIP328772
       DOL:                   02/28/18
       LOSS LOCATION:         1720 S. Texas Ave. and 2000 S. Texas Ave., Bryan, TX
                              (the "Property)
       ATAIN CLAIM NO.:       00030169
       MM CLAIM NO.:          85216

Dear Mr. Flores:

       We write to you under the authority of Atain Specialty Insurance Company ("Atain").
Atain has received your letter dated October 9, 2018, providing Atain with written notice that
your clients, Sucheta Vyas and Davis Vyas d/b/a Casa Loma Motel ("Casa Loma"), intend to sue
Atain for alleged violations of the Texas Insurance Code and other causes of action related to
claim 00030169.

       Atain disagrees in the strongest terms possible with your contentions that it failed to
adequately inspect the Property. As you are aware, Robert Gutierrez with Team One Adjusting
Services, on behalf of Atain, inspected the Property on March 14, 2018. In addition, Scott
Abraham with EnVista Forensics inspected the Property on May 8, 2018. A copy of EnVista
Forensics' report is enclosed herewith.

       On July 5, 2018, we sent your client a letter explaining why the subject claim is not
covered by Atain's policy. Atain stands by this previous letter and the discussion and policy
language discussed therein. For your convenience, a copy of this letter is enclosed herewith.

       Your letter also implicates the actions of Atain's independent adjuster, Team One
Adjusting Services, and its engineer, EnVista Forensics. While Atain is absolutely convinced
that they did nothing wrong, the only way to ensure they cannot be sued by your clients for
performing their jobs is for Atain to accept any liability on their behalf. Pursuant to section
542A.006(b) of the Texas Insurance Code, Atain accepts any liability that Robert Gutierrez,
Team One Adjusting Services, Scott Abraham, EnVista Forensics may have for their purported
acts or omissions related to this claim.

       This letter does not, nor is it intended to, waive any of the rights Atain may have or that
may exist under the terms of the policy issued to your client or under any applicable law. All
rights Atain has under the terms of the policy at issue and at law are specifically reserved.

220 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334
248.932.9000 | 800.521.1918
minutemanadjusters.com



Sincerely,

Dawn Szaflarski
Claims Examiner

**220 Kaufman Financial Center**
**30833 Northwestern Highway**
**Farmington Hills, MI 48334**
**248.932.9000 | 800.521.1918**
minutemanadjusters.com



July 5, 2018                                    **VIA CERTIFIED/REGULAR MAIL**

Holiday Plaza and
Casa Loma Motel
Sucheta Vyas & Davis Vyas DBA
1603 Cougar Court
College Station, TX  77845


RE:   POLICY:                 CIP328772
      DOL:                    02/28/18
      LOSS LOCATION:          1720 S. Texas Ave, and 2000 S. Texas Ave, Bryan, TX
      ATAIN CLAIM NO:         00030169
      MM CLAIM NO:            85216

Dear Insured:

We write to you under the authority and direction of your insurer, Atain Specialty Ins. Co.,
hereinafter referred to as the "Carrier" who issued a Commercial Property Policy for the above
locations. We are in receipt of a loss notice which indicates wind damage to the roof of Casa
Loma Motel on the above captioned date.

As you are aware, Team One Claims was engaged to investigate the circumstances surrounding
the loss, inspect the risk and appraise the damages sustained therein.  The adjuster's investigation
found minimal wind damage to the roof of the Holiday Plaza Motel and the Casa Loma Motel
that would not exceed your wind & hail deductible of $5000, per building.  The interior damages
to both motels appear to be related to long term leaking, and the lack of climate control in the
rooms.

The Carrier retained the services of Envista Forensics, an engineering firm, to inspect both roofs.
Their inspection found no hail damage and minimal wind damage to the roofs.  They found the
roofs to be in poor condition, lacking maintenance, construction defiencies, wood-destroying
insects, and lack of climate control in the individual units causing peeled paint and distress to
wood paneling.  We attach a copy of their report for your perusal.

After careful review of all the reports and policy provisions, the Carrier has requested we draw
your attention to the following portions of your policy, specifically Form CP1030, **CAUSE OF
LOSS – SPECIAL FORM,** Section **C. LIMITATION,** item **1.** Sub-section **c. (1)** which forms
a portion of the policy and states in part:


      "**1.**     We will not pay for loss of or damage to:

220 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI 48334
248.932.9000 | 800.521.1918
minutemanadjusters.com



    **c.**    The interior of any building or structure, or to personal property in the building structure, caused by rain, snow sleet, ice, sand or dust whether driven by wind or not unless:

        (1)    The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters;"…

We also refer you to Section **B.** entitled **EXCLUSIONS,** specifically paragraphs **2.d.(1), 2,f, 3.c. (2), (3) & (4)** which forms a portion of the policy and states in part:

**"B.**    **EXCLUSIONS**

    **2.**    We will not pay for loss or damage caused by or resulting from any of the following:

        **d.**    (1)    Wear and tear;

        **f.**    Continuous or repeated seepage or leaking of water, or the presence of condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

    **3.**    We will not pay for loss or damage caused by or resulting from any of the following, **3.a.** through **3.c.**

        **c.**    Faulty, inadequate or defective:

        **(2)** Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

        **(3)** Materials used in repair, construction, renovation or Remodeling**;** or

        (4) Maintenance;

Based on the foregoing policy wording, there is no exterior building damage from a covered cause of loss and there is a lack of maintenance and wear and tear to the roofs and buildings that resulted in interior water damage, there will be no payment forthcoming from the Carrier for this loss.

Furthermore, we would like to draw your attention to the fact that a similar claim was made with a date of loss of May 25th, 2015. That coverage for that claim was also denied based upon the same grounds as the foregoing.



**220 Kaufman Financial Center**
**30833 Northwestern Highway**
**Farmington Hills, MI 48334**
**248.932.9000 | 800.521.1918**
minutemanadjusters.com

The intent of this correspondence is to preserve the rights of all parties under the policy of insurance.  Forwarding this correspondence to you will not waive, surrender, alter or amend any of the policy conditions.  Please note that the quotations of and references to the policy in this letter are intended to be accurate.  In the event of any conflict, the policy language shall control.

It is understood that by quoting certain portions of the policy, but not limited thereto; the carrier does not waive any of their rights or defenses that they now have or may discover in the future.

All rights, defenses and privileges afforded by the above-referenced policy or by law are expressly reserved.

Should you have any comments or further information that you would like to submit with respect to this claim, please forward the same to me in writing at your earliest convenience and the Carrier will give them their full consideration.

Sincerely,

Dawn Szaflarski
Claims Examiner

Cc:   Counterclaim Public Adjusters

      Service Insurance Group