IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SUCHETA VYAS, and <br> DAVIS VYAS, <br><br> Plaintiffs, <br><br> VS. <br><br> ATAIN SPECIALTY INSURANCE COMPANY, and <br> TEAM ONE CLAIMS, <br><br> Defendants. | § § § § § § § § § § § § § | CIVIL ACTION NO. H-19-960 |

**ORDER**

Sucheta Vyas and Davis Vyas—together, "Vyas"—sued Atain Specialty Insurance Company and Team One Claims in Texas state court, alleging that these defendants unreasonably investigated and underpaid an insurance claim for storm damage to their hotels. (Docket Entry No. 1-2 at 9). Atain Insurance removed based on diversity jurisdiction, asserting that Team One was improperly joined. (Docket Entry No. 1). Vyas moved to remand, arguing that the court lacks diversity jurisdiction because Team One is a proper defendant. Atain Insurance responded and submitted documents. (Docket Entry Nos. 6, 9–10).

After a careful review of the state-court pleadings, the notice of removal, the motion to remand, response, and the properly considered documents, the court concludes that there was improper joinder and denies the motion to remand. The reasons are explained in detail below.

**I.   Background**

The allegations are straightforward and all too familiar. Vyas alleges that a February 2018 storm damaged some hotels they owned. Although they timely filed an insurance claim, Atain Insurance "overlooked or ignored" the property damage and paid too little. (Docket Entry No. 1-

2 at 9). Team One investigated the claim on Atain Insurance's behalf. (*Id.*). Vyas alleges that Team One "was unable or unwilling to perform or complete a reasonable inspection" and missed storm damage to two hotels. (*Id.*). Vyas alleges that the Casa Loma Motel had "exterior damage to the property, including damage to the built-up 3 ply roof, roll roof, soft metal and gutters, as well as stucco damage to the exterior elevations," and that the Holiday Plaza Motel had "exterior damage to the property," including damage to the roofs of buildings 1–4, a storage shed, and a laundry room; exterior elevation damage; and damage to rooms 204, 205, 219, 245, and 248, all of which Team One omitted or undervalued. (*Id.* at 9–10). Vyas alleges that Team One's "unreasonable investigation led to the wrongful underpayment and/or denial of [the] claim," and that Atain Insurance ratified Team One's findings and actions. (*Id.* at 10, 16).

In January 2019, Vyas sued in the 85th Judicial District Court of Brazos County, Texas, asserting a contract-breach claim and violations of the Texas Insurance Code and the Texas Deceptive Trade Practices Act against Atain Insurance and Team One. (*Id.* at 13, 16–17). Atain Insurance timely removed on the basis that it is not a Texas citizen and that Vyas improperly named Team One as a defendant because Atain Insurance had accepted "whatever liability" Team One had to Vyas for its "acts or omissions related to the claim." (Docket Entry No. 1 at 3 (quoting TEX. INS. CODE 542A.006(a))). Atain Insurance submitted a November 2018 letter it sent to Vyas, stating that:

> Pursuant to section 542A.006(b) of the Texas Insurance Code, Atain [Insurance] accepts any liability that Robert Gutierrez, Team One Adjusting Services, Scott Abraham, [or] EnVista Forensics may have for their purported acts or omissions related to this claim.

(Docket Entry No. 1-2 at 38).

Vyas has moved to remand, arguing that § 542A.006 permits "insurers to assume responsibility for their agent-adjusters without allowing insurers to claim complete diversity when

2

they assume responsibility for a non-diverse adjuster." (Docket Entry No. 6 at 4). Atain Insurance responds that Vyas relies on cases involving insurers that elected to accept liability only after the lawsuit had been filed in state court, while Atain Insurance elected to accept liability for Team One months before suit was filed. (Docket Entry No. 9 at 3–5). As a result, Atain Insurance argues, Vyas's claims against Team One had no possibility of success when Vyas sued Team One. (*Id.* at 3).

The parties' arguments are considered below.

## II. The Legal Standard

"To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). "A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

"[A] district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined." *Smallwood*, 385 F.3d at 572 (emphasis omitted) (citing 28 U.S.C. § 1359). Improper joinder can be established by showing the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The issue is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573.

3

"The burden of persuasion on those who claim improper joinder is a heavy one." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (alteration omitted) (quoting *Irby*, 326 F.3d at 649).

A "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. In most cases, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* A court may find that in some cases, "hopefully few in number, . . . a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder." *Id.* "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

## III. Analysis

"As of September 2017, the Texas Insurance Code allows an insurer to accept whatever civil liability an agent might have to a claimant for the agent's conduct related to the claim by providing written notice to the claimant." *River of Life Assembly of God v. Church Mut. Ins. Co.*, No. 19-CV-49, 2019 WL 1767339, at *2 (W.D. Tex. Apr. 22, 2019). A court must dismiss claims against an agent with prejudice if the insurer elects to accept liability for the agent. *Id.*

The Texas Insurance Code states:

(a) Except as provided by Subsection (h), in an action to which this chapter applies, an insurer that is a party to the action may elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant.

(b) If an insurer makes an election under Subsection (a) before a claimant files an action to which this chapter applies, no cause of action exists against the agent related to the claimant's claim, and, if the claimant files an action against the agent, the court shall dismiss that action with prejudice.

(c) If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.

TEX. INS. CODE § 542A.006(a)–(c).

District courts in this circuit have disagreed on whether an insurer's § 542A.006 election post-lawsuit allows the insurer to remove based on the agent's improper joinder.[1] The parties have not cited, and the court has not found, a case in which, as here, the insurer elected to assume liability before the lawsuit was filed naming the agent as a defendant. *Cf. Electro Grafix, Corp. v. Acadia Ins. Co.*, No. 18-CA-589, 2018 WL 3865416, at *3–*4 (W.D. Tex. Aug. 14, 2018) (the defendant was improperly joined when the insurer elected to accept liability for the agent before the agent was served).

Atain Insurance argues that its prelawsuit November 2018 election letter to Vyas made Team One's joinder improper. The court may properly consider the election letter. *See Smallwood*, 385 F.3d at 573. The letter clearly stated that Atain Insurance "accept[ed] any liability [that] . . . Team One . . . may have for [its] purported acts or omissions related to this claim." (Docket Entry No. 1-2 at 38). As a result, under Texas law, Vyas had "no cause of action" against Team One and the court must "dismiss the action with prejudice." TEX. INS. CODE § 542A.006(a)–(b).

---

[1] *Compare River of Life*, 2019 WL 1767339, at *3 ("Church Mutual's election of responsibility . . . did not render Harris's *joinder* improper, because it did not preclude recovery against Harris until months after his joinder." (emphasis in original)); *Stephens v. Safeco Ins. Co. of Ind.*, No. 18-CV-595, 2019 WL 109395, at *7 (E.D. Tex. Jan. 4, 2019) ("[I]f an insurer elects to accept full responsibility of an agent/adjuster after the insured commences action in state court, the insurer must prove that the non-diverse adjuster is improperly joined for reasons independent of the election made under Section 542A.006."); *Massey v. Allstate Vehicle & Prop. Ins. Co.*, No. H-18-1144, 2018 WL 3017431, at *3 (S.D. Tex. June 18, 2018); *Yan Qing Jiang v. Travelers Home & Marine Ins. Co.*, No. 18-CV-758, 2018 WL 6201954, at *2 (W.D. Tex. Nov. 28, 2018), *with Flores v. Allstate Vehicle & Prop. Ins. Co.*, No. 18-CV-742, 2018 WL 5695553, at *5 (W.D. Tex. Oct. 31, 2018) ("[E]ven when a plaintiff asserts viable claims against an insurance agent, an election of liability by the insurer for the agent's acts or omissions is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent.").

The cases Vyas cited involved postlawsuit elections under § 542A.006. In *Massey v. Allstate Vehicle and Property Insurance Company*, the defendant admitted that the plaintiffs "did not improperly or fraudulently join the adjusters," and the court remanded based on the rule that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff." No. H-18-1144, 2018 WL 3017431, at *2–*3 (S.D. Tex. June 18, 2018) (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)). In *Stephens v. Safeco Insurance Company of Indiana*, the court emphasized that "the focal point of an improper joinder analysis is the joinder" and remanded because "[a]n election made after suit commences does not challenge the joinder of the non-diverse adjuster and, as a result, has no bearing on whether a plaintiff-insured asserted viable claims against the non-diverse adjuster when joining him to the action." No. 18-CV-595, 2019 WL 109395, at *4, *7 (E.D. Tex. Jan. 4, 2019).

The November 2018 election letter meant that Vyas had "no possibility of recovery" against Team One when it was sued. *Smallwood*, 385 F.3d at 573. The court will dismiss the claims against Team One, with prejudice, as Texas law requires when an insurer has accepted its agent's liability through written notice to the insureds. *See* TEX. INS. CODE § 542A.006(a)–(b). Because Atain Insurance is not a Texas citizen and the amount in controversy is met, removal was proper.

**IV.     Conclusion**

The motion to remand is denied, (Docket Entry No. 6).

SIGNED on May 15, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge